IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN WILLIAMS MILLER,** § | | |
| Plaintiff, § | | |
| v. § | **Civil Action No. 3:21-CV-2751-L-BH** | |
| § | | |
| **STEVEN D. GRIMBERG,** § | | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based upon the relevant filings and applicable law, the plaintiff's *Motion Hearing Respectfully Request to Judge Lindsay to Reopen and Proceed to Scheduling Discovery for this Diversity of Jurisdiction, U.S. Constitutional 7th Amendment Guaranteed Demand Jury Case*, filed April 18, 2023 (doc. 9), should be **DENIED**.

**I.  BACKGROUND**

On November 5, 2021, John Williams Miller (Plaintiff) sued a federal judge in Atlanta, Georgia under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of his constitutional rights based on his handling of cases in the Northern District of Georgia. (*See* doc. 3 at 2-5.)[2] By order dated November 9, 2021, the case was *sua sponte* transferred to the Northern District of Georgia, where the defendant judge is located, and where the underlying events occurred. (*See* doc. 5.) The case was received by the Northern District of Georgia the same day, and a new file was opened on November 10, 2021. *See Miller v. Grimberg*, Civil No. 1:21-CV-4649-MLB, docs. 5, 6.

Shortly after the transfer to the Northern District of Georgia, Plaintiff moved to voluntarily

---

[1]By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

terminate the case there on November 18, 2021. *See id.*, doc. 8. On December 6, 2021, the Georgia court treated his motion as a voluntary dismissal under Rule 41(a)(1)(A)(i), and his case was dismissed without prejudice. *See id.*, doc. 10.

Plaintiff now seeks a hearing before the assigned district judge to determine whether this long-transferred and closed case should be reopened in this district. (*See* doc. 9.) He contends that the November 9, 2021 order transferring the case to the Northern District of Georgia was "totally invalid and illegal", and that the case should therefore be reopened and allowed to proceed in this district. (*Id.* at 8-9.)

## II. RECONSIDERATION

Plaintiff's request to reopen his case in this district essentially seeks reconsideration of the order transferring this suit to the Northern District of Georgia on grounds that he is a long-time resident of Texas.

Reconsideration of a decision "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). As noted by the Fifth Circuit, "the Federal Rules of Civil Procedure do not provide for a motion for reconsideration." *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (noting that the federal rules of procedure "do not recognize a 'motion for reconsideration' *in haec verba*"), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id.* Where a motion does not challenge a final judgment, it is considered under Rule 54(b). *See McClendon v. United States*,

2

892 F.3d 775, 781 (5th Cir. 2018) (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

It is well established that "[o]nce the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer." *Schwartz v. Curtis*, No. 4:07-cv-3494, 2008 WL 4467560, *1 (S.D. Tex. Oct. 2, 2008) (quoting *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1516-17 (10th Cir. 1991)); *see also In re Sw. Mobile Homes, Inc.*, 317 F.2d 65, 66 (5th Cir. 1963) (per curiam) (concluding that district court lost jurisdiction to reconsider its order to transfer case once transfer was complete). "The date the papers in the transferred case are docketed in the transferee court ... forms the effective date that jurisdiction in the transferor court is terminated." *Conecsus, LLC v. Filter Tech., Ltd.*, No. 3:21-CV-1034-D, 2021 WL 3725940, at *1 (N.D. Tex. Aug. 23, 2021) (quoting *Chrysler Credit*, 928 F.2d at 1517). "Indeed, district courts across the Fifth Circuit have found that they lacked jurisdiction to reconsider a transfer order after a case was docketed in the transferee court." *Mlodzianowski v. Markus*, No. SA-20-CV-01142-OLG, 2021 WL 6750852, at *2 (W.D. Tex. Oct. 7, 2021) (citing cases).

Here, Plaintiff's motion for relief from the transfer order was filed well over a year after the case was transferred and docketed in the Northern District of Georgia. Regardless of the procedural source of this motion, this court lost jurisdiction over this matter after transfer was complete on November 10, 2021; it cannot hear any motions about the transfer order. *See In re Sw. Mobile Homes*, 317 F.2d at 66; *see, e.g., EPC Healthcare LLC v. CircleLink Health LLC*, No. 6:19-CV-00625, 2020 WL 13555517, at *1 (W.D. La. May 6, 2020) (denying motion for reconsideration of transfer order brought under Rules 54(b) and 59 because transferor court lacked

jurisdiction); *Bruce Oakley, Inc. v. Vidalia Dock & Storage Co.*, No. 5:15-CV-57(DCB)(MTP), 2016 WL 6238606, at *1 (S.D. Miss. Oct. 25, 2016) (denying plaintiff's motions for reconsideration of transfer order for lack of jurisdiction because the record had already been transmitted to the transferor court, while noting that his reliance on Rule 60(b) was misplaced because "an order transferring venue is interlocutory, not final"); *Llavayol v. Coca-Cola Co.*, No. CIV.A. 5:06-CV-125, 2007 WL 2220982, at *2 (S.D. Tex. Aug. 1, 2007) (denying plaintiff's Rule 59(e) motion for reconsideration of transfer order because the court lost the jurisdiction to review that order once the case was transferred). Because the Court lacks jurisdiction to reconsider the transfer order in this case, Plaintiff's motion should be denied.

### III.  RECOMMENDATION

Plaintiff's motion to reopen his case should be **DENIED**.

**SO RECOMMENDED** on this 20th day of September, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                            IRMA CARRILLO RAMIREZ
                                                         UNITED STATES MAGISTRATE JUDGE