IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JOHN WILLIAMS MILLER,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:21-CV-2751-L-BH** |
| § | |
| **STEVEN D. GRIMBERG,** § | |
| § | |
| Defendant. § | |

## ORDER

On September 20, 2023, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 11) was entered, recommending that the court deny for lack of jurisdiction Plaintiff's "Motion Hearing Respectfully Request to Judge Lindsay to Reopen and Proceed to Scheduling Discovery for this Diversity of Jurisdiction, U.S. Constitutional 7th Amendment Guaranteed Demand Jury Case" ("Motion to Reopen Case") (Doc. 9), filed April 18, 2023.  The Report explains that, under Fifth Circuit authority, the Motion to Reopen Case should be denied because, upon transferring this case to Georgia, the place where the Defendant judge sued by Plaintiff is located, the court lost jurisdiction to reconsider the prior decision to transfer the case.

Plaintiff filed objections to the Report on September 25, 2023 (Doc. 12) in which he accused the magistrate judge of being corrupt.  He filed amended objections later the same day (Doc. 13) and apologized for his previous "emotionally charged" response to the Report. In his amended response or objections, he objects to the Report on the following grounds: (1) the district court in Georgia "has not and will NEVER be granted Plaintiff's 'Personal Jurisdiction'" because he is a permanent resident of Dallas, Texas; (2) the magistrate judge "FABRICATED LIES"; (3)

**Order – Page 1**

he has a right to a jury trial and equal protection under the law; and (4) although he asserted a claim for unlawful arrest, he has "NEVER BEEN **LEGALLY** INCARCERATED." Pl.'s Am. Obj. 2-16.

Having considered Plaintiff's Motion to Reopen Case, his pleadings, the record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiff's objections and **denies** for lack of jurisdiction his Motion to Reopen Case (Doc. 9).

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court incorporates by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. S*ee Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

It is so ordered this 10th day of October, 2023.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

Order – Page 2